IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

*******

UNITED STATES OF AMERICA,                        CR 06-65-GF-CCL

      Plaintiff,

                                        ORDER

-v-

ASHLEY LYNN GRAY,

      Defendant.

*******

Before the Court is Defendant's Motion for New Trial.  The government opposes the motion.

Defendant brings the Motion for New Trial pursuant to Rule 33, Fed. R. Crim. P., which provides that

> (a) Defendant's Motion.  Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.  If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

> (b) Time to File.
> (1) Newly Discovered Evidence.  Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.  If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

> (2) Other Grounds.  Any motion for a new trial grounded
> on any reason other than newly discovered evidence must
> be filed within 7 days after the verdict or finding of
> guilty.

The guilty verdicts in this case were brought by a jury on

November 3, 2006.  Defendant's Motion for New Trial was filed on

February 8, 2007.  Accordingly, the motion is properly brought

pursuant to Rule 33(b)(1) upon the ground of newly discovered

evidence.

Defendant Ashley Gray was convicted on November 3, 2006, of

Count II charging Voluntary Manslaughter and Count IV charging

Use of a Firearm During a Crime of Violence.  Defendant was

acquitted of Count I charging Second Degree Murder and Count III

charging Use of a Firearm in connection with the second degree

murder charge.  Defendant testified at trial that she could not

recall the precise moments when she was alone in her father's

kitchen with her father in the early morning hours of March 25,

2006, at which time a firearm was discharged and her father was

fatally wounded in the head.  Defendant testified that she had

been drinking for many hours before her father was shot, and her

last memory before her father was shot consists of asserting that

her father was not the biological father of his five-month old

baby.  Defendant also testified that she could recall what

2

happened immediately after the firearm discharged.  Her first memory was that she was screaming while sitting on the kitchen floor next to her father's body.  Defendant's theory of the case was that her father was a violent and suicidal man who shot himself, but Defendant could not recall anything that happened when her father was shot.  Defendant testified that when her memories did begin again (in the kitchen with her father on the floor) she remembers feeling that she was dreaming and her father's death was not real.  The jury nevertheless convicted her of Voluntary Manslaughter and Use of a Firearm.  Other evidence upon which the jury relied included Defendant's explicit and implicit admissions of guilt (*e.g.,* the 911 tape, her statement to her mother, and her statement to the booking officer).

Defendant properly notes the five-part test that she must meet in order to prevail on a Rule 33 motion for a new trial based on newly discovered evidence: "(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial

would probably result in acquittal."  *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005) (*quoting United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir. 1991)).

Defendant's Motion for New Trial is based upon the ground that she has recently been psychologically evaluated by Dr. Neil Busuttil, who has diagnosed her as have post-traumatic stress disorder ("PTSD").  Dr. Busuttil believes that Defendant's mental disorder is the root cause of her inability to remember the shooting.  Defendant argues that she should be granted a new trial so that Dr. Busuttil might testify to the diagnosis.

In her motion, Defendant acknowledges that "[p]rior to the trial in this case the defendant, members of her family who were assisting in her defense, and her defense counsel, all discussed whether he [sic] would be appropriate to have her examined by a mental health professional to determine the reasons for lack of memory of important aspects of the evening that her father died by a gunshot wound to the head."  Def's Brief at 5 (Docket #47).  The family did not have money to retain an expert before trial, but two months after trial Dr. Neil Busuttil surfaced and "[t]he family was able to borrow funds for part of this cost."  Def's Brief at 5.  Dr. Busuttil charged Defendant only his costs of

travel and lodging; he made one trip to Montana from New York to interview the Defendant.

Defendant asserts that Dr. Busuttil's diagnosis of PTSD and the fact that the PTSD caused Defendant not to remember the shooting incident at the center of this case is evidence that is material to the issues at trial.  Defendant further asserts that with Dr. Busuttil's testimony no reasonable jury would have convicted her.

<u>Response of the Government to Motion for New Trial</u>

The government responds by challenging each of the five parts of the test applicable to a motion for new trial and concluding that Defendant's motion does not meet the requisites for the granting of a new trial.  First, the government points out that newly discovered evidence must relate to the elements of the crime charged.  *See United States v. Mett*, 65 F.3d 1531, 1533 (9th Cir. 1995).  In this case, the elements of Voluntary Manslaughter to be proved by the government at trial were (1) Defendant was an Indian person; (2) while in a sudden quarrel or heat of passion caused by adequate provocation: (a) the Defendant intentionally killed Neil Stewart Gray; or (b) the Defendant killed Neil Stewart Gray recklessly with extreme disregard for

human life; and (3) the killing occurred within the boundaries of the Fort Belknap Indian Reservation.[1]  In her testimony, the Defendant acknowledged that she was an Indian person and that she had been in a sudden quarrel with her father.  There was no dispute that the killing occurred on the Fort Belknap Indian Reservation.  The only issue in dispute, therefore, was the element requiring the government to prove that the Defendant intentionally or recklessly killed Neil Gray.  Dr. Busuttil's testimony explains why Defendant does not remember the shooting, but it does not go to the issue of whether or not Defendant did or did not kill her father.  Dr. Busuttil's testimony would tend to support Defendant's credibility as to her lack of memory, but it would not enlighten the jury on the disputed element.

Second, the government points out that newly-available evidence is not the same as newly-discovered evidence.  *See United States v. Jasin*, 280 F.3d 355, 362 (3rd Cir. 2002). Defendant could have borrowed the money to bring Dr. Busuttil to

---

[1]  Likewise, the evidence proffered by Defendant is not material to the elements of Count IV (Use of a Firearm During a Crime of Violence): (1) the Defendant committed the crime of Manslaughter, (2) the Defendant knowingly discharged a firearm, and (3) the Defendant discharged the firearm during and in relation to the crime.

6

Montana to testify just as easily in November as in January. Having been convicted, Defendant reconsidered the need to borrow money to obtain an expert to buttress her credibility at trial. However, this does not meet the test for newly-discovered evidence relating to an element of the offense.  The need for testimony of the type proffered by Dr. Busuttil was considered pre-trial and even if offered would have only related to Defendant's credibility, not to one of the elements of the offense.  Dr. Busuttil's evidence would not have helped the jury determine whether or not Defendant shot her father.  There is no reason to conclude that it would appreciably have assisted the jury in reaching a verdict or that it would have probably resulted in an acquittal.

The Court concludes that the basis for the Motion for New Trial is invalid.  The "newly-discovered evidence" offered by Defendant is only newly-available, could have been obtained for trial with due diligence on Defendant's part, is not material to the elements of the offense, is cumulative to Defendant's own testimony, and is not such as to indicate that a new trial would probably result in acquittal.

<u>Dr. Busuttil's Conclusion on Competency</u>

In his "Forensic & Psychological Report & Assessment,"

Dr. Busuttil concludes that

Ms. Gray responded without undue delay and discussed both positive and negative aspects of her background without becoming guarded or defensive.

She presented as a very honest young lady, who displayed consistency between her limited but not guarded accounts of the behavior and from other sources of which I reviewed, leading for me to view her as a candid respondent.

There were no bizarre or peculiar thought patterns or perceptual distortions (e.g., hearing imaginary voices), nor did Ms. Gray report previously experiencing such symptoms. Her mood was variable and appropriate to the topic of conversation.

It became clear to me that Ms. Gray had and continue [sic] to suffer from significant and profound lack of knowledge arising from factors of the specificity surrounding the circumstances, events and experiences of her father's death.  It is my professional opinion that lack of knowledge of said events and experiences, effecting [sic] her ability of instant or delayed recall, arising from factors of her PTSD and the chronic and prolonged use of alcohol, especially during the incident of her father's death [sic].

It [sic] was alarmed to learn, during her evaluation and observation of Ms. Gray that her lack of knowledge potentially could have, if not it did, adversely effect her ability to fully and with informed consent and knowledge participate in her defense, or assist in rebuttal any [sic] incriminating statements or evidence at time of trial.  To a layperson, this lack of knowledge might appear to be avoidance or he [sic] lack of accepting responsibility.

However, Ms. Gray cannot accept responsibility for the events, circumstances and conditions arising from that moment of her father's demise by the discharge of the rifle in his mouth, because she has no memory of that specific event....

[Dr. Busuttil lists five possible causes for the

8

> shooting, with the fifth potential cause of the
> shooting being "an Act of God, founded in the Gray's
> family Catholic religion and beliefs."]
> ... With this lack of knowledge, it is my professional
> opinion that Ms. Gray was unable to meaningfully and
> fundamentally engage in her defense and/or redress or
> confront those witnesses or evidence against her at time of
> trial or during the defense preparation of the trial.

Dr. Busuttil's Rpt. at 18-20 (Docket #47).  Thus, Dr. Busuttil

raises a question whether Defendant was competent at the time of

trial based on the fact that she could not remember the shooting

of her father, and thus could not confront the witnesses or

evidence against her or assist her counsel in preparing a

defense.

The Court notes that Defendant has not filed a motion to

determine her mental competency to stand trial pursuant to 18

U.S.C. § 4241, and it appears that Defendant may be merely

arguing that this is another reason to grant her a new trial.

Obviously, this argument is not persuasive because there is no

reason to believe that during a new trial Defendant would have

retrieved her memories of the shooting and would, a second time

around, be able then to confront witnesses and evidence and

assist her counsel.

Even were this Court to construe the Motion for New Trial as

containing a Motion to Determine Defendant's Competency to Stand

Trial, this Court could not find cause to hear such a motion.
The standard is that a court must hear a motion to determine
competency

> if there is reasonable cause to believe that the
> defendant may presently be suffering from a mental
> disease or defect rendering him mentally incompetent to
> the extent that he is unable to understand the nature
> and consequences of the proceedings against him or to
> assist properly in his defense.

18 U.S.C. § 4241(a).  Dr. Busuttil does not question Defendant's
ability to understand the nature and consequences of the
proceedings against her.  In fact, Dr. Busuttil notes that
Defendant is a "very honest young lady" who betrays no bizarre or
peculiar thought patterns or perceptual distortions, either
currently or in the past.  Dr. Busuttil observed Defendant's mood
to be appropriate to the topic of conversation.  In essence, Dr.
Busuttil's only point regarding Defendant's competency is that
because Defendant cannot remember the few minutes of the
shooting, she cannot assist properly in her defense.  Such a
memory loss does not present reasonable cause to believe that
Defendant was incompetent to stand trial.  Because those memories
may never be retrieved by the Defendant, she might never stand
trial, were the law on this point otherwise.

This issue was addressed in *United States v. Cruz*, 805 F.2d

10

1464 (11ᵗʰ Cir. 1986), wherein a district court properly denied a request for a competency hearing that was based on (1) a psychiatrist's testimony regarding a defendant's post-Vietnam stress syndrome, (2) the psychiatrist's opinion of lack of competency based upon a single interview relying on defendant's truthfulness, and where (3) the only impediment to competency was defendant's memory lapses.  Citing a prior case, *Adams v. Wainwright*, 764 F.2d 1356, 1361 (11ᵗʰ Cir. 1985), the appellate panel "noted that the ability to recall [is] not determinative of a defendant's ability to 'fully understand the proceedings against him and cooperate meaningfully with his attorney in his defense.'" *Cruz*, 805 F.2d at 1479.

Similarly, here, Defendant Gray exhibits a sufficient recall of events involved in her prosecution to render her competent to have stood trial, and she clearly and fully understood the nature and consequences of the proceedings against her and cooperated with her attorney in her defense.  Defendant was rational in all her appearances before the Court over the course of three days, and she testified at length regarding her many memories of the night in question, lapsing in memory only at the two separate points related to the discharge of two separate firearms.  This

11

Court finds that Dr. Busuttil's report does not provide a reasonable cause to believe that Defendant was not competent to stand trial, and to the extent Defendant's Motion for New Trial might reasonably be deemed a Motion to Determine Competency, the latter motion is hereby denied.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for New Trial is DENIED.

The Clerk shall notify counsel of entry of this order by telephone and by facsimile device.

Done and dated this 5th day of March, 2007.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE

12